**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

FILED
SEP 1 0 2008
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **CR. NO. 08-34-02** |
| | ) | |
| ROBERTO VALERIO, | ) | In violation of 18 U.S.C. §§ 2, 1029(a)(1), |
| Defendant. | ) | 1029(b)(2), and 1028A(a)(1) and (c)(4). |
| | ) | |

**SUPERSEDING INDICTMENT**

The Grand Jury charges that:

**Introduction**

At all times relevant to this Superseding Indictment:

1. Defendant ROBERTO VALERIO was employed as a sales associate at the RadioShack store located at 232 Garfield Avenue, Cranston, Rhode Island.

2. MICHAEL BERMUDEZ was employed as a security guard at Rhode Island Hospital.

3. HECTOR ALVAREZ was employed as a manager at the RadioShack store located at 232 Garfield Avenue, Cranston, Rhode Island.

4. JAMES HERNANDEZ was employed as a sales associate at the RadioShack stores located at 623 Atwells Avenue, Building D, Providence, Rhode Island, and 232 Garfield Avenue, Cranston, Rhode Island.

5. RadioShack Corporation operated retail stores throughout the United States, including Rhode Island, that sell electronics including televisions, sound systems, computer systems and accessories, cellular telephones, and other electronic products and accessories. As part of its

business, RadioShack issues credit card plans that are also knows as "Answer +" credit cards. The RadioShack credit card processing center is based in Des Moines, Iowa.

6. Citibank was a federally insured financial institution, with offices and branches throughout the United States that underwrote the RadioShack credit card plans.

7. RadioShack sales associates were authorized to process RadioShack credit card applications for customers who presented two forms of identification, including a photo identification, and who provided their name, social security number, date of birth, address, and a telephone number.

8. Once the information listed in the preceding paragraph was entered into the RadioShack computer system by the sales associate, RadioShack conducted an automated credit check, and, if the information was verified, RadioShack issued a credit card account number to the customer.

9. The RadioShack sales associate who processed the application provided the RadioShack customer with his/her RadioShack credit card number and a receipt of the account opening transaction. The credit card could then be used to purchase store merchandise at RadioShack.

10. Also as part of its business, RadioShack was an authorized dealer for a number of telecommunication service providers including Sprint/Nextel and Cingular/AT&T. Sprint and AT&T were telecommunication providers based in Overland Park, Kansas and Dallas, Texas, respectively.

11. RadioShack sales associates were authorized to open cellular telephone accounts for RadioShack customers with Sprint and AT&T. Depending on the type of cellular service

requested by the customer, the sales associate was required to obtain the customer's name, date of birth, social security number, address, and a telephone number. Typically, if a customer provided the RadioShack sales associate with the above information, and agreed to a service contract with the telecommunications provider, the customer could purchase a cellular telephone at little or no cost and/or obtain cellular telephone service with little or no deposit.

12. A cellular telephone account may be associated with one or more cellular telephones. A cellular telephone has a telephone number and an electronic serial number (ESN) and/or a Mobile Identification Number (MIN), associated with it. These numbers, when activated by the telecommunications provider, enable a cellular telephone to transmit communications or signals. The term "cellular telephones" or "cellular telephone accounts" as used in the Superseding Indictment refer to active cellular telephone numbers and accounts.

**COUNT I**
**(Conspiracy to Commit Fraud in Connection with Access Devices)**

13. The United States realleges and incorporates by this reference paragraphs 1 - 12, of this Superseding Indictment in their entirety as though fully set forth herein.

14. From in or about April 2006, and continuing until in or about February 2008, within the District of Rhode Island and elsewhere, the defendant, ROBERTO VALERIO, together with MICHAEL BERMUDEZ, HECTOR ALVAREZ, JAMES HERNANDEZ, and others known and unknown to the grand jury, did knowingly, intentionally, and willfully combine, conspire, confederate, and agree with each other to: (a) knowingly and with the intent to defraud produce, use, and traffic in one or more counterfeit access devices, thereby affecting interstate commerce, in violation of 18 U.S.C. § 1029(a)(1); and, (b) knowingly and with intent

to defraud traffic in and use one or more unauthorized access devices during any one year period, and by such conduct obtain anything of value aggregating $1000 or more during that period, thereby affecting interstate commerce, in violation of 18 U.S.C. § 1029(a)(2), and engaged in conduct in furtherance of such offenses.

**Manner and Means of the Conspiracy**

15. It was part of the conspiracy that defendant ROBERTO VALERIO and other RadioShack employees including, but not limited to, HECTOR ALVAREZ and JAMES HERNANDEZ, caused RadioShack to issue unauthorized and counterfeit credit card account numbers to individuals by knowingly entering false and unlawfully obtained names, dates of births, social security numbers, addresses, and telephone numbers into the RadioShack computer system used to generate said accounts.

16. It was part of the conspiracy that defendant ROBERTO VALERIO, and other RadioShack employees including, but not limited to, HECTOR ALVAREZ and JAMES HERNANDEZ, caused AT&T/Cingular and Sprint/Nextel to issue unauthorized and counterfeit cellular telephone account numbers to individuals by knowingly submitting false and unlawfully obtained names, dates of births, social security numbers, addresses, and telephone numbers to the telecommunications providers who generate said accounts.

17. It was part of the conspiracy that MICHAEL BERMUDEZ, while working as a security guard at Rhode Island Hospital, obtained personal identification information of patients, employees, applicants for employment, or other persons at the Hospital, including their name, date of birth, and social security number, without their knowledge, consent, and authorization.

18. It was further part of the conspiracy that MICHAEL BERMUDEZ took the unlawfully obtained personal identification information to one or more RadioShack stores located in Cranston and Providence, Rhode Island and provided this information to defendant, ROBERTO VALERIO, and other RadioShack sales associates, in order to open up RadioShack credit card accounts and cellular telephone accounts for MICHAEL BERMUDEZ.

19. It was further part of the conspiracy that defendant ROBERTO VALERIO and other sales associates at RadioShack did not require that MICHAEL BERMUDEZ produce any forms of identification, and entered the information provided by MICHAEL BERMUDEZ into the RadioShack computer system in order to generate counterfeit and unauthorized credit card accounts and cellular telephone accounts.

20. It was further part of the conspiracy that defendant, ROBERTO VALERIO, other RadioShack sales associates, and MICHAEL BERMUDEZ changed the billing addresses on the fraudulent credit card and cellular telephone accounts, or entered fictitious billing addresses, so that the victims of the identity theft would not learn that a credit card account or cellular telephone account had been issued in their name.

21. It was further part of the conspiracy that MICHAEL BERMUDEZ sold the activated cellular telephones that were fraudulently acquired to other persons in exchange for a sum of U.S. currency.

22. It was further part of the conspiracy that MICHAEL BERMUDEZ used the fraudulently acquired RadioShack credit card accounts to purchase RadioShack merchandise.

23. It was further part of the conspiracy that the defendant, ROBERTO VALERIO, and other RadioShack sales associates who participated in the scheme obtained a sales commission or a performance bonus for each of the fraudulent transactions that they processed.

**Overt Acts**

24. In furtherance of the conspiracy, defendant ROBERTO VALERIO, together with MICHAEL BERMUDEZ, HECTOR ALVAREZ, JAMES HERNANDEZ, and others known and unknown to the grand jury engaged in conduct including, but not limited to, the following overt acts:

A On or about various dates from on or about April 2006 to February 2008, MICHAEL BERMUDEZ obtained patient identification information, to include names, social security numbers, and dates of birth, at Rhode Island Hospital from various patients, applicants for employment, and other persons, referred to herein by their first and last initials, including, but not limited to E.T., T.V., R.M., D.K., J.V., I.P. and K.M. without their knowledge and authority.

B. On or about various dates from on or about April 2006 to February 2008, the defendant, ROBERTO VALERIO, HECTOR ALVAREZ, JAMES HERNANDEZ, MICHAEL BERMUDEZ, and others known and unknown to the grand jury, used names, social security numbers, and dates of birth of other individuals to cause RadioShack, AT&T/Cingular and Sprint/Nextel, to issue unauthorized and counterfeit credit card account numbers.

C. On or about February 19, 2007, MICHAEL BERMUDEZ and HECTOR ALVAREZ used the name, social security number, and date of birth of I. P., without her knowledge or authority, to open a Sprint/Nextel cellular telephone account number and obtain one or more Sprint/Nextel cellular telephone numbers under that account.

D. On or about March 20, 2007, the defendant ROBERTO VALERIO used the name, date of birth, social security number and address of C.S., without her knowledge or authority, to obtain a RadioShack credit card account number, xxxx-xxxx-xxxx-3789, open a Sprint/Nextel cellular telephone account number, and obtain one or more cellular telephone numbers under that account.

E. On or about March 23, 2007, the defendant ROBERTO VALERIO used the name, date of birth, social security number, and address of V.L. without her knowledge or authority to obtain a RadioShack credit card account number, xxxx-xxxx-xxxx-3335.

F. On or about July 2, 2007, MICHAEL BERMUDEZ and JAMES HERNANDEZ used the name, social security number, and date of birth of K.D., without her knowledge or authority to obtain a RadioShack credit card account number, open a Sprint/Nextel cellular telephone account number, and obtain one or more Sprint/Nextel cellular telephone numbers under that account.

G. On or about August 12, 2007, MICHAEL BERMUDEZ and JAMES HERNANDEZ used the name, social security number, and date of birth of R. M., without his knowledge or authority to obtain a RadioShack credit card account number, open a Sprint/Nextel cellular telephone account number, and obtain one or more Sprint/Nextel cellular telephone numbers under that account.

H. On or about August 14, 2007, while working as a security guard at Rhode Island Hospital, MICHAEL BERMUDEZ obtained the name, date of birth, social security number, address, and telephone number of patient E.T., without E.T.'s knowledge or authority.

I. On or about August 16, 2007, MICHAEL BERMUDEZ and defendant, ROBERTO VALERIO used the name, social security number, and date of birth of E. T., without his knowledge or authority, to obtain a RadioShack credit card account number, xxxx-xxxx-xxxx-8108, open a Sprint/Nextel cellular telephone account number, and obtain one or more Sprint/Nextel cellular telephone numbers under that account.

J. On or about August 16, 2007, MICHAEL BERMUDEZ, using the counterfeit and unauthorized RadioShack credit card account number issued under the name of E.T., purchased merchandise worth over $1400 at the RadioShack on 232 Garfield Avenue, Cranston, Rhode Island.

K. On or about August 12, 2007, MICHAEL BERMUDEZ, while working as a security guard at Rhode Island Hospital, obtained the identifying information of T.V., including his social security number and date of birth, without his knowledge or authority.

L. On or about August 14, 2007, MICHAEL BERMUDEZ and defendant ROBERTO VALERIO used the name, date of birth, and social security number of T.V., without his knowledge or authority, to open a Sprint/Nextel cellular telephone account number and obtain one or more associated Sprint/Nextel cellular telephone numbers under that account.

M. On or about August 17, 2007, MICHAEL BERMUDEZ and defendant ROBERTO VALERIO used the name, date of birth, and social security number of T.V., without his knowledge or authority, to open an AT&T/Cingular telephone account number and obtain one or more cellular telephone numbers under that account.

All in violation of 18 U.S.C. § 1029(b)(2).

**COUNT II**
**(Counterfeit Access Device Fraud)**

24. On or about March 20, 2007, within the District of Rhode Island, the defendant ROBERTO VALERIO did knowingly and with the intent to defraud, produce, use, and traffic in one or more counterfeit access devices, to wit, a RadioShack credit card account number xxxx-xxxx-xxxx-3789, a Sprint/Nextel cellular telephone account number, and one or more Sprint/Nextel cellular telephone numbers activated under that account, using the name, date of birth, and social security number of C.S., and such conduct affected interstate and foreign commerce,

in violation of 18 U.S.C. §§ 2, 1029(a)(1).

**COUNT III**
**(Counterfeit Access Device Fraud)**

25. On or about March 23, 2007, within the District of Rhode Island, the defendant ROBERTO VALERIO did knowingly and with the intent to defraud, produce, use, and traffic in one or more counterfeit access devices, to wit, a RadioShack credit card account number xxxx-xxxx-xxxx-3335, using the name, date of birth, and social security number of V.L., and such conduct affected interstate and foreign commerce,

in violation of 18 U.S.C. §§ 2, 1029(a)(1).

**COUNT IV**
**(Counterfeit Access Device Fraud)**

26. On or about August 14, 2007, within the District of Rhode Island, the defendant ROBERTO VALERIO did knowingly and with the intent to defraud, produce, use, and traffic in

one or more counterfeit access devices, to wit, a Sprint/Nextel cellular telephone account number and one or more Sprint/Nextel telephone numbers under that account, issued in the name, social security number and date of birth of T.V., and such conduct affected interstate and foreign commerce,

in violation of 18 U.S.C. §§ 2, 1029(a)(1).

**COUNT V**
**(Counterfeit Access Device Fraud)**

27. On or about August 16, 2007, within the District of Rhode Island, the defendant ROBERTO VALERIO did knowingly and with the intent to defraud, produce, use, and traffic in one or more counterfeit access devices, namely, a RadioShack credit card account number xxxx-xxxx-xxxx-8108, using the name, date of birth, and social security number of E. T., and such conduct affected interstate and foreign commerce,

in violation of 18 U.S.C. §§ 2, 1029(a)(1).

**COUNT VI**
**(Counterfeit Access Device Fraud)**

28. On or about August 16, 2007, within the District of Rhode Island, the defendant ROBERTO VALERIO did knowingly and with the intent to defraud, produce, use, and traffic in one or more counterfeit access devices, to wit, a Sprint/Nextel cellular telephone account number and one or more Sprint/Nextel cellular telephone numbers under that account, using the name, date of birth, and social security number of E.T., and such conduct affected interstate and foreign commerce,

in violation of 18 U.S.C. §§ 2, 1029(a)(1).

**COUNT VII**
**(Counterfeit Access Device Fraud)**

29. On or about August 17, 2007, within the District of Rhode Island, the defendant ROBERTO VALERIO did knowingly and with the intent to defraud, produce, use, and traffic in one or more counterfeit access devices, to wit, an AT&T cellular telephone account number and one or more cellular telephone numbers under that account, using the name, date of birth, and social security number of T.V., and such conduct affected interstate and foreign commerce,

in violation of 18 U.S.C. §§ 2, 1029(a)(1).

**COUNTS VIII-XI**
**(Aggravated Identity Theft)**

30. On or about the dates listed below, in the District of Rhode Island and elsewhere, the defendant, ROBERTO VALERIO, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, the name, date of birth, and social security number, as listed below, during and in relation to the commission of access device fraud, 18 U.S.C. § 1029(a)(1)&(2) and conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2), as set forth in Counts I - VII of the Superseding Indictment:

| Count # | Date(s) of Offense | Victim Initials | Related Counts |
|---|---|---|---|
| VIII | March 20, 2007 | C.S. | I, II |
| IX | March 23, 2007 | V.L. | I, III |
| X | August 14-17, 2007 | T.V. | I, IV, VII |
| XI | August 16, 2007 | E.T. | I, V, VI |

All in violation of 18 U.S.C. §§ 1028A (a)(1) and (c)(4).

A TRUE BILL:

REDACTED

ROBERT CLARK CORRENTE
United States Attorney

LEE H. VILKER
Deputy Criminal Chief

ADI GOLDSTEIN
Assistant U.S. Attorney

Date: 9/10/2008